# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 420 | **DATE** | 11/27/2001 |
| **CASE TITLE** | Central States, et al. vs. Fulkerson, et al. | | |

**MOTION:**    [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    ENTER MEMORANDUM OPINION AND ORDER. Plaintiffs' motion to strike defendants' jury demand (50) is denied with respect to Count I and IV and granted with respect to Count III.    Status hearing set for 2/26/02 at 9:00am. Brief in support of Mr. Fulkerson's motion to dismiss Count II and III of plaintiffs' amended complaint due by 12/11/01. Response to said motion due by 01/11/02; reply due by 01/22/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 2 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 90 |
| | Mail AO 450 form. | | IS | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

NOV 2 8 2001

CENTRAL STATES, SOUTHEAST )
AND SOUTHWEST AREAS PENSION )
FUND and HOWARD McDOUGALL, )
trustee )
)
    Plaintiffs, )
)
    v. )
)
THOMAS C. FULKERSON and )
DOLLY S. FULKERSON )
)
    Defendants. )
)

Case No. 99 C 420

Hon. John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, ("Plaintiffs" or "Central States") filed a motion to strike Defendants Thomas C. Fulkerson and Dolly S. Fulkerson's (" the Fulkersons") demand for trial by jury. For the reasons set forth below, Plaintiffs' Motion to Strike Defendants' Jury Demand [50-1] is denied in part and granted in part.

## BACKGROUND

Plaintiffs filed a four-count amended complaint against the Fulkersons alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461 (2001). Count I of the amended complaint alleges that the Fulkersons, as shareholders of the Holmes Controlled Group ("Holmes"), incurred withdrawal liability to the Pension Fund and failed to make

-1-



withdrawal liability payments due to the Pension Fund. Count II alleges withdrawal liability against Thomas Fulkerson as a result of fraudulent conveyances between Mr. Fulkerson and Holmes. Count III alleges withdrawal liability against Mr. Fulkerson under a trust fund theory and asks the Court to impose a constructive trust, under section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B), on the assets Holmes distributed to Mr. Fulkerson. Finally, Count IV alleges withdrawal liability against Mr. Fulkerson under the MPPAA's "evade or avoid" provision, 29 U.S.C. § 1392(c).

In their answer to Plaintiffs' amended complaint, the Fulkersons requested a jury trial. Plaintiffs subsequently filed this Motion to Strike Defendants' Jury Demand, which is directed solely at striking the jury demand with respect to the MPPAA claim. (Pls.' Mem. Supp. Mot. Strike Defs.' Jury Demand at 2 n.1.)

## ANALYSIS

Plaintiffs argue that the Fulkersons' request for a trial by jury should be denied because "the right to a jury trial is not recognized under ERISA for actions to collect withdrawal liability under the cause of action created" by the MPPAA. (Pls.' Mem. Supp. Mot. Strike Defs.' Jury Demand at 1, 2.) The Fulkersons argue that a jury trial is necessary because "the litigation revolves around three factual determinations: (1) whether [Mr. Fulkerson] engaged in a 'trade or business' by leasing real estate under a long-term triple net lease . . . and whether [Mrs. Fulkerson was her husband's partner]; (2) whether [Mr. Fulkerson] caused Holmes to make transfers whose principal purpose was to 'evade or avoid' liability under ERISA and MPPAA; and (3) whether [Mr. Fulkerson] engaged in fraudulent transfers under state law." (The Fulkersons' Mem. Law Opp'n Pls.' Mot. Strike Defs.' Jury Demand at 1.)

The Seventh Amendment provides for jury trials "[i]n Suits at common law, where the value

in controversy shall exceed twenty dollars." U.S. Const. amend. VII. "Suits at common law" refers to "suits where *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (quoting *Parsons v. Bedford*, 7 L. Ed. 732 (1830)). "The Seventh Amendment . . . applies to 'actions brought to enforce statutory rights analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'" *Feltner*, 523 U.S. at 348 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)). This analysis also applies to statutory causes of action. *Tull v. United States*, 481 U.S. 412, 417 (1987).

The Supreme Court has set forth a two-part test to determine whether a statutory cause of action is more similar to actions tried in courts of law rather than actions tried in equity or admiralty: the court will (1) "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull*, 481 U.S. at 417-18 (internal citations omitted). "The second inquiry is more important than the first." *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 135 (2d Cir. 1991) (citing *Granfinanciera*, 492 U.S. at 42).

Plaintiffs argue Counts I, III and IV fail the first part of the test because those counts are not similar to any eighteenth century action since ERISA and the MPPAA were enacted in 1974 and 1980, respectively. (Pls.' Mem. Supp. Mot. Strike Defs.' Jury Demand at 4.) This argument is unpersuasive. Counts I, III and IV, while brought under ERISA and the MPPAA, allege fraudulent conduct by the sole shareholders of a corporation such that they should be held liable in their

individual capacities. Counts I, III and IV are analogous to suits to pierce the corporate veil. *See Sea-Land Servs., Inc. v. Pepper Source*, 993 F.2d 1309, 1311 (7th Cir. 1993) ("To pierce a corporate veil under Illinois law, a plaintiff must demonstrate that there is 'such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist', and that 'adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.'"(quoting *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985)). Piercing the corporate veil is a doctrine that was applied in courts of law and equity in the eighteenth century. *Wm. Passalacqua Builders*, 933 F.2d at 135. Furthermore, Count IV alleges fraudulent transfers by Mr. Fulkerson, a type of action that was tried in English courts of law in the eighteenth century. *Granfinanciera*, 492 U.S. at 43.

The second part of the test requires consideration of the kind of remedy being sought. In Count I, Plaintiffs request judgment, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for past due withdrawal liability payments, interest, an amount equal to the greater of doubled interest on unpaid withdrawal liability or liquidated damages, attorney's fees, post-judgment interest and any other relief this court deems appropriate. (Amended Compl. ¶ 25.) "The fact that plaintiffs seek money indicates a legal action." *Wm. Passalacqua Builders*, 933 F.2d at 136 (citing *Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962)). *See also Feltner*, 523 U.S. at 352 (recognizing the "general rule" that monetary relief is legal and that "an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment"). Furthermore, 29 U.S.C. §1132(g)(2)(E) provides for "such other legal or equitable relief as the court deems appropriate." The fact that legal relief is sought and that similar actions in the eighteenth century were heard in English courts of law suggests that a jury trial

-4-

on Count I would be appropriate. Therefore, Plaintiffs' Motion to Strike Defendants' Jury Demand is denied with respect to Count I.

In Count III, Plaintiffs seek the imposition of a constructive trust on the assets of Holmes distributed to Mr. Fulkerson, pursuant to section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B). (Amended Compl. ¶ 42.) Section 502(a)(3)(B) of ERISA provides that "[a] civil action may be brought . . . by a participant, beneficiary or fiduciary . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). While actions seeking to pierce the corporate veil were tried in English courts of law, the doctrine was also applied in English courts of equity. More importantly, because Plaintiffs seek only equitable relief in Count III, a jury trial on Count III would be inappropriate. Therefore, Plaintiffs' Motion to Strike Defendants' Jury Demand is granted with respect to Count III.

Count IV alleges withdrawal liability against Mr. Fulkerson under the MPPAA's "evade or avoid" provision, 29 U.S.C. § 1392(c), which provides that "if a principal purpose of any transaction is to evade or avoid liability under this part, this part shall be applied (and liability shall be determined and collected) without regard to such transaction." In Count IV, Plaintiffs ask this Court to disregard all cash transfers between Mr. Fulkerson and Holmes and enter judgment against Mr. Fulkerson in the amount of such transfers. (Amended Compl. ¶ 45.) Count IV seeks legal relief, a monetary judgment in the amount allegedly fraudulently transferred. The fact that legal relief is sought and that similar actions to pierce the corporate veil in the eighteenth century were heard in English courts of law, *Wm. Passalacqua Builders*, 933 F.2d at 135, suggests that a jury trial on Count IV would be appropriate. Therefore, Plaintiffs' Motion to Strike Defendants' Jury Demand is denied

with respect to Count IV.

Count II of the amended complaint alleges that fraudulent transfers between Mr. Fulkerson and Holmes and requests a judgment against Mr. Fulkerson in the amount allegedly fraudulently transferred when Holmes became insolvent. (Amended Compl. ¶ 34.) Count II does not allege any violation of the MPPAA nor does it allege entitlement to relief under the MPPAA. Plaintiffs' Motion to Strike Defendants' Jury Demand is directed solely at striking the jury demand with respect to the MPPAA claim. (Pls.' Mem. Supp. Mot. Strike Defs.' Jury Demand at 2 n.1.) Count II is not an MPPAA claim, thus Plaintiffs do not seek to strike the Fulkersons' jury demand with respect to Count II.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Strike Defendants' Jury Demand [50-1] is denied with respect to Counts I and IV and granted with respect to Count III.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: November 27, 2001

-6-